**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON**

**Civil Action No. 08-375-HRW**

**DIANE HALEY**,                                                                    **PLAINTIFF,**

**v.**                    **MEMORANDUM OPINION AND ORDER**


**MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,**               **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for  disability insurance benefits on April 12, 2004, alleging disability beginning on August 7. 2000, due to "hand trimmers [*sic.*], overweight, knee problems, can't stand long, diabetic, h-blood pressure, carpeltunnel [*sic.*] in both wrists especially the right one, arthritis, depression, high cholesterol" (Tr. 50).

This application  was denied initially on October 5, 2004 and on

reconsideration on March 29, 2005 (Tr. 31-33, 38).

On April 16, 2008, an administrative hearing was conducted by

Administrative Law Judge Timothy G. Keller (hereinafter "ALJ"), wherein

Plaintiff, accompanied by counsel, testified.  At the hearing, Joyce P. Forrest, a

vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional

capacity and vocational factors, he is not disabled.

On October 10, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 18-22).

Plaintiff was 56  years old at the time of the hearing decision.  She has a GED (Tr. 55).  Her past relevant work experience consists of work as an accounts receivable clerk, customer service representative and collection agent (Tr. 22).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since  the alleged onset date of disability through her date last insured of December 31, 2005 (Tr. 20).

The ALJ then determined, at Step 2, that Plaintiff suffered from hand tremors, obesity, knee pain and diabetes, which he found to be "severe" within the meaning of the Regulations (Tr. 20-21).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 21).

The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform light work, with certain limitation as set forth in the hearing decision (Tr. 21-22).

Finally, relying upon the testimony of the VE, the ALJ concluded that Plaintiff was able to perform her past relevant work, as none it did not require more

than light exertion (Tr. 21-22).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 4 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 28, 2008 (Tr. 8-10).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9, 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff argues that the ALJ should have included in the RFC a limitation in her ability to push/pull in the lower extremities.

The Court, having reviewed the record, finds that no examining physician, including Plaintiff's treating physician, assessed a limitation in Plaintiff's ability to push/pull with the lower extremities. As such, it would have been error for the ALJ to incorporate such a limitation into the RFC.

Furthermore, the ALJ determined that Plaintiff was able to perform her past relevant, to-wit, an accounts receivable clerk, customer service agent and collections agent. Common sense dictates that these jobs do not require the prolonged use of foot controls or other device requiring pushing/pulling with the lower extremities.

Plaintiff also argues that the ALJ failed to properly consider the effects of

her bilateral hand impairments on her ability to work.

Plaintiff's treating physician, Dr. Surinder Kad, found that Plaintiff had no trouble holding a spoon, fork or pen (Tr. 170).  He did report that Plaintiff's tremors caused problems with holding a newspaper and picking up smaller objects (Tr. 170).  He noted, however,  that Inderal managed Plaintiff's hand tremors (Tr. 170, 173).  The consultative examiner, Dr. Stephen Lamb, opined that Plaintiff no limitation in reaching or handling (Tr. 110).

This evidence does not support Plaintiff's contention that her hand tremors preclude her from performing her past relevant work.

Plaintiff further argues that the RFC was flawed because the ALJ failed to consider her testimony regarding her need to recline and elevate her feet.

The only support for such a limitation would be Plaintiff's own subjective complaints, which the ALJ did not deem fully credible. Subjective claims of disabling pain must be supported by objective medical evidence.  *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). There is no evidence in the record which would support such a limitation.  Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster.

Finally, Plaintiff contends that the ALJ failed to consider the combined effects of her impairments.

The record simply does not support limitations beyond those set forth in the RFC.   Moreover, Plaintiff does not specify in what way the ALJ failed in this regard. " [I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (citations omitted).

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This August 19, 2009.



Signed By:

Henry R Wilhoit Jr.

United States District Judge